1 Gregory M. Garrison, Esq. SBN 165215
  Julia M. Williams, Esq. SBN 244400
2 **TEEPLE HALL, LLP**
  9255 Towne Centre Drive, Suite 500
3 San Diego, CA 92121
  Telephone:  (858) 622-7878
4 Facsimile:   (858) 622-0411
  E-mails:      greg@teeplehall.com
5                    julia@teeplehall.com
  Attorneys for Plaintiff
6 DAVID BRODMANN

7 Carla J. Feldman (SBN 119864)
  Donna Mo (SBN 240621)
8 **ARENT FOX LLP**
  555 West Fifth Street, 48th Floor
9 Los Angeles, CA  90013-1065
  Telephone:  213.629.7400
10 Facsimile:  213.629.7401
   Email:    carla.feldman@arentfox.com
11             donna.mo@arentfox.com

12 Attorneys for Defendants
   THE SALVATION ARMY AND MARK
13 NELSON

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID N. BRODMANN, | Case No. 5:15-cv-00834 -MWF (JCGx) |
| Plaintiff, | *Assigned to the Hon. Michael W. Fitzgerald* |
| vs. | |
| THE SALVATION ARMY, INC., a California corporation; MARK NELSON, an individual; and, DOES 1 through 100, inclusive, | **PROTECTIVE ORDER REGARDING CONFIDENTIALITY OF DISCOVERY MATERIAL** |
| Defendants. | Complaint Filed: April 27, 2015<br>Trial Date: May 10, 2016 |

5:15-CV-00834 -MWF (JCGX)                          PROTECTIVE ORDER

AFDOCS\12380203.2

Having reviewed Plaintiff David Brodmann ("Plaintiff") and Defendants The Salvation Army ("TSA") and Mark Nelson's ("Nelson" and, together with TSA, "Defendants") (together with Plaintiff, the "Parties") Stipulation Regarding Confidentiality of Discovery Material (hereinafter the "Stipulation"), the Court recognizes that some of the documents and information ("materials") being sought or produced through discovery in the above-captioned action (the "Litigation") are kept confidential by the parties due to privacy rights, proprietary and trade secret information, religious, financial or business sensitivity and privileges or protections including the spousal communications privilege, attorney-client privilege, attorney work product doctrine and clergy, psychotherapist, physician and counselor privileges. To facilitate the production or disclosure of such materials during discovery for use limited to this Litigation, the Parties have agreed to be bound by the terms of the Stipulation, as entered by this Protective Order (the "Order"), without conceding that any materials must be produced because they are subject to this Order, or that production of materials subject to this Order waives any privilege or protection or objection to admissibility at trial or any hearing or proceeding.

As set forth in Sections 17-19 below, this Order does not entitle the Parties to file confidential information under seal; Civil Local Rule 79-5 (or, in the case of a court to which a party petitions for discovery from a non-party, applicable rules and procedures) sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal. The materials to be exchanged throughout the course of the litigation between the Parties may contain confidential information as is contemplated by Federal Rule of Civil Procedure 26(c). The purpose of this Order is to protect the confidentiality of such materials as much as practical during the litigation.

5:15-cv-00834 -MWF (JCGx)

AFDOCS\12380203.2

- 2 -

PROTECTIVE ORDER

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

Accordingly, IT IS HEREBY ORDERED:

## **DEFINITIONS**

1. The term "Confidential Information" will mean and include information contained or disclosed in any materials, including documents, portions of documents, answers to interrogatories, responses to requests for admissions, deposition testimony, and transcripts of depositions, including data, summaries, and compilations derived therefrom that is deemed to be Confidential Information by any party to which it belongs.

2. The term "materials" includes, but is not limited to: documents; correspondence (including email); memoranda; lists or other material that might identify current, former or potential customers, employees, officers, ministers, volunteers, rehabilitation participant beneficiaries, clients, counselors, cadets, consultants, board members, donors, affiliates, associates, members, congregants, or recipients of funds, goods, services or counseling; minutes; criminal records related to program participants; statements; checks; contracts; invoices; drafts; books of account; notes of conversations; calendars; desk diaries; appointment books; financial accounts and records; church or religious records; recordings; photographs; videos or motion pictures; compilations from which information can be obtained and translated into reasonably usable form; sketches; drawings; notes; reports; investigation records or documents; personnel or disciplinary files, records or documents; documents or correspondence subject to the spousal communications privilege, attorney client privilege, attorney work product doctrine or clergy or psychotherapist privileges; other writings; and other physical objects.

3. The term "counsel" will mean the above-captioned and undersigned counsel of record for each party to this Litigation, and other attorneys, paralegals, secretaries, and other support staff employed by, or contracted to work for, either of their law firms who are assigned to tasks related to this Litigation. Counsel also

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

5:15-cv-00834 -MWF (JCGx)

AFDOCS\12380203.2

- 3 -

PROTECTIVE ORDER

includes in-house attorneys for Defendants and their support staff who are assigned to tasks related to this Litigation.

## SCOPE, DESIGNATION AND USE OF CONFIDENTIAL MATERIAL

4. Each party to this litigation that produces or discloses any materials, answers to interrogatories, responses to requests for admission, deposition testimony, and transcripts of depositions, or information that the producing party believes should be subject to this Order may designate the same as "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY," and/or may redact such materials, with any disputes regarding such redactions being subject to the Court's rules and procedures for meeting and conferring and resolving discovery disputes.

Designation as "CONFIDENTIAL": Any party may designate information as "CONFIDENTIAL" only if, in the good faith belief of such party and its counsel, the unrestricted disclosure of such information could be potentially prejudicial or damaging to the business or operations of such party or the Constitutional rights of any person or entity.

Designation as "CONFIDENTIAL - FOR COUNSEL ONLY": Any party may designate information as "CONFIDENTIAL - FOR COUNSEL ONLY" only if, in the good faith belief of such party and its counsel, the information is among that considered to be most sensitive by the party, including but not limited to trade secret or other confidential financial, commercial, medical, program beneficiary or extremely private information.

In the event that either party or their counsel obtain materials from a third party that either party believes in good faith to be confidential, either party may designate such material as Confidential Information pursuant to this Order and it shall be treated as such in accordance with this Order.

5. In the event the producing party elects to produce materials for inspection, no marking need be made by the producing party in advance of the

5:15-cv-00834 -MWF (JCGx)
AFDOCS\12380203.2
PROTECTIVE ORDER
- 4 -
Arent Fox LLP
Attorneys At Law
Los Angeles

1  initial inspection. For purposes of the initial inspection, all materials produced will
2  be considered as "CONFIDENTIAL - FOR COUNSEL ONLY," and must be
3  treated as such pursuant to the terms of this Order. Thereafter, upon selection of
4  specified materials for copying by the inspecting party, the producing party must,
5  within a reasonable time prior to producing those materials to the inspecting party,
6  mark the copies of those materials that contain Confidential Information with the
7  appropriate confidentiality marking.

    6.    Whenever a deposition taken on behalf of any party involves a disclosure of Confidential Information or materials of any party:

    a.    The deposition or portions of the deposition must be designated as containing Confidential Information subject to the provisions of this Order; such designation must be made on the record whenever possible, but a party may designate portions of depositions as containing Confidential Information after transcription of the proceedings; a party will have until thirty (30) days after receipt of the deposition transcript to inform the other party or parties to the Litigation of the portions of the transcript to be designated "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY."

    b.    The disclosing party will have the right to exclude from attendance at the deposition, during such time as the Confidential Information is to be disclosed, any person other than the deponent, Parties, counsel (including their necessary staff and associates), the court reporter, and the person(s) agreed upon pursuant to paragraph 8 below; and

    c.    The originals of the deposition transcripts and all copies of the deposition must bear the legend "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY," as appropriate,

             and the original or any copy ultimately presented to a court for filing must not be filed unless it can be accomplished under seal in accordance with this Order and applicable rules and procedures, identified as being subject to this Order, and protected from being opened except by order of this Court.

7. All Confidential Information designated as "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY" must not be disclosed by the receiving party to anyone other than those persons designated within this Order and must be handled in the manner set forth herein and, in any event, must not be used for any purpose other than in connection with this litigation, unless and until such designation is removed either by agreement of the parties, or by order of the Court.

8. Access to and disclosure of other materials designated by any party as "Confidential" shall be limited, except as otherwise provided herein, or agreed by the Parties in writing, or as otherwise ordered by the Court, to:

    a. Outside and in-house counsel, if any, for said Parties, and their clerical, paralegal and other employees assigned to tasks related to the Litigation; TSA's managers, officers, executives, and directors, who reasonably need access to the Confidential Information in connection with and to assist with the prosecution or defense of this Litigation; and personnel from any third-party vendors retained to assist the attorneys with document collection, translation, photocopying, scanning, or other services related to the prosecution or defense of this Litigation;

    b. This Court; any court to which a party petitions for discovery from a non-party; court personnel, including but not limited to court reporters, translators and persons operating video recording equipment; court reporters, translators and persons

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

5:15-cv-00834 -MWF (JCGx)

AFDOCS\12380203.2

PROTECTIVE ORDER
- 6 -

operating video recording equipment retained by the parties for the purpose of conducting depositions; and any mediator selected by the Parties;

 c. The Parties to this Litigation and those employees of the Parties (in addition to those employees identified in Paragraph 8(a)) who reasonably need access to the Confidential Information in connection with and to assist with the prosecution or defense of this Litigation;

 d. Any person who authored, or any person who legitimately received the Confidential Information prior to and independently of the commencement of the Litigation;

 e. Any witness not encompassed by the terms of paragraphs 8(c) or 8(d), above, whose deposition is taken in this Litigation or who is being prepared by counsel to give testimony at deposition or at trial, provided that any such witness gain access only for purposes of his or her deposition or testifying at trial and also abides by the terms of paragraph 10 below; and

 f. Outside experts and consultants for any party, whose advice or consultation is being or will be used by such party in connection with this Litigation, and their employees who reasonably need access to the Confidential Information in connection with and to assist with the prosecution or defense of this Litigation, provided that any such outside expert, consultant, or their employees witness abide by the terms of paragraph 11 below.

9. Access to and disclosure of material designated by any party as "CONFIDENTIAL - FOR COUNSEL ONLY" shall be limited, except as otherwise provided herein, or agreed by the Parties in writing, or as otherwise ordered by the Court, to those persons identified in Paragraphs 8(a), (b), or (d).

10. The attorneys for a party may disclose Confidential Information to any person described in Paragraph 8(e), above, provided, however, that the witness first must be shown this Order and agree to abide by its terms by signing the Non-Disclosure Agreement attached hereto as <u>Exhibit A</u>. Any such deponent or witness may be shown Confidential Information but shall not retain the original, any copy or any notes of any such Confidential Information.

11. The attorneys for a party may disclose Confidential Information to any person described in Paragraph 8(f), above, provided, however, that the expert, consultant, or employee of an expert or consultant first must be shown this Order and agree to abide by its terms by signing the Non-Disclosure Agreement attached hereto as <u>Exhibit A</u>. Any such expert, consultant or employee of an expert or consultant shall not retain the original, any copy or any notes of any such Confidential Information for longer than two (2) months after the final termination of this Litigation.

12. All Confidential Information must be held in confidence by those inspecting or receiving it, and must be used only for purposes of this Litigation. Counsel for each party, and each person receiving Confidential Information, must take reasonable precautions to prevent the unauthorized or inadvertent disclosure of such information. If Confidential Information is disclosed to any person other than a person authorized by this Order, the party responsible for the unauthorized disclosure must immediately bring all pertinent facts relating to the unauthorized disclosure to the attention of the other parties and, without prejudice to any rights and remedies of the other parties, make every effort to prevent further disclosure by the party and by the person(s) receiving the unauthorized disclosure.

13. If a party or any of its representatives, including counsel, inadvertently discloses any Confidential Information to a person not authorized by this Order to use or possess such Confidential Information, the disclosing party shall provide immediate written notice of the disclosure to the party who designated such

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

5:15-cv-00834 -MWF (JCGx)
AFDOCS\12380203.2

PROTECTIVE ORDER
- 8 -

1   material as Confidential Information.  The disclosing party shall also promptly take
2   reasonable measures to obtain the return of such inadvertently disclosed
3   Information.  If a party has actual knowledge that Confidential Information is being
4   used or possessed by a person not authorized to use or possess that material,
5   regardless of how the material was disclosed or obtained by such person, the party
6   shall provide immediate written notice of the unauthorized use or possession to the
7   party who designated such material as Confidential Information.

8   14.   At any stage of these proceedings, any party may object to a
9   designation of the materials as Confidential Information. The party objecting to
10  confidentiality must notify, in writing, counsel for the designating party of the
11  objected-to materials and the grounds for the objection. If the dispute is not
12  resolved consensually between the parties within seven (7) days of receipt of such a
13  notice of objections, the party asserting such confidentiality must file a motion with
14  the Court to uphold the designation.  The designating party must notice the motion
15  so that it is scheduled for hearing by the Court on the Court's earliest available date.
16  The burden of proving the confidentiality of such information remains with the
17  party asserting such confidentiality.   The materials at issue must be treated as
18  Confidential Information, as designated by the designating party, until the Court
19  has ruled on the motion or the matter has been otherwise resolved.

20  15.   No party will be responsible to another party for disclosure of
21  Confidential Information under this Order if the information in question is not
22  labeled or otherwise identified as such in accordance with this Order unless the
23  information is, on its face, privileged or confidential as defined by current law.

24  16.   If a party, through inadvertence, produces any Confidential
25  Information without labeling or marking or otherwise designating it as such in
26  accordance with this Order, the designating party may give written notice to the
27  receiving party that the document or thing produced is deemed Confidential
28  Information, and that the document or thing produced should be treated as such in

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

5:15-cv-00834 -MWF (JCGx)
AFDOCS\12380203.2

PROTECTIVE ORDER
- 9 -

accordance with that designation under this Order. The receiving party must treat the materials as Confidential Information, once the designating party so notifies the receiving party. If the receiving party has disclosed the materials before receiving the designation, the receiving party must notify the designating party in writing of each such disclosure. Counsel for the parties will agree on a mutually acceptable manner of labeling or marking the inadvertently produced materials as "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY" - SUBJECT TO PROTECTIVE ORDER.

## **FILING CONFIDENTIAL MATERIAL**

17. Any party that wishes to file its own Confidential Information with the Court and have that Confidential Information sealed must submit an application to seal concurrently with the filing of the Document containing the Confidential Information. Any party may remove or downgrade its own confidentiality designation of materials by providing written notice to the other party or to the Parties of the re-designation or downgrade, or by providing new copies of the materials with any confidentiality legend removed or replaced with the appropriate legend.

18. Before any materials produced in discovery, answers to interrogatories, responses to requests for admissions, deposition transcripts, or other documents which are designated as Confidential Information by another party are filed with the Court for any purpose, the party seeking to file such material must meet and confer with the other party, and if agreement cannot be reached as to the filing, seek permission of the Court to file the material under seal in accordance with Civil Local Rule 79-5 ("L.R."), set forth below, or in the case of a court to which a party petitions for discovery of a non-party, seek permission of such other court to file the material under seal in accordance with applicable rules and procedures, set forth below.

Arent Fox LLP
Attorneys At Law
Los Angeles

5:15-cv-00834 -MWF (JCGx)

AFDOCS\12380203.2

- 10 -

PROTECTIVE ORDER

19. Absent written permission from the producing party authorizing the public filing of Confidential Information, any party wishing to file Confidential Information with the Court first must seek a sealing order pursuant to L.R. 79-5. Similarly, in the case of a court to which a party petitions for discovery of a non-party, absent written permission from the producing party otherwise, any party wishing to file Confidential Information with such court must first seek a sealing order pursuant to applicable rules and procedures. Any party that seeks to file under seal any Confidential Information must comply with applicable rules and procedures. Confidential Information may only be filed pursuant to a court order authorizing the sealing of the specific Confidential Information at issue. Because an opposing party will often be seeking to file designated material, cooperation between the Parties in preparing, and in reducing the number and extent of requests for under-seal filing is essential. If a party's request to file designated material under seal pursuant to applicable rules and procedures is denied by the Court (or, if applicable, another court), then the party may seek to file the Confidential Information in the public record only by challenging the Confidential Information designation under the procedure set forth in Section 14 of this Order. The party seeking to file the Confidential Information in the public record may file the Confidential Information in the public record only if the designating party's motion to uphold the designation is denied by the Court.

## TERMINATION OF LITIGATION

20. Within 60 days upon final termination of this Litigation, including any and all appeals, counsel for each party must, upon request of the producing party, return all Confidential Information to the party that produced the information, including any copies, excerpts, and summaries of that information, or must destroy same at the option of the receiving party, and must purge all such information from all machine-readable media on which it resides. Whether the Confidential Information is returned or destroyed, the receiving party must submit a written

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

5:15-cv-00834 -MWF (JCGx)
AFDOCS\12380203.2

PROTECTIVE ORDER
- 11 -

certification to the producing party by the 60-day deadline that (1) identifies (by category, where appropriate) all the Confidential Information that was returned or destroyed and (2) affirms that the receiving party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Confidential Information. Notwithstanding the foregoing, counsel for each party may retain all pleadings, briefs, memoranda, motions, and other documents filed with the Court that refer to or incorporate Confidential Information, and will continue to be bound by this Order with respect to all such retained information. Further, attorney work product materials that contain Confidential Information need not be destroyed, but, if they are not destroyed, the person in possession of the attorney work product will continue to be bound by this Order with respect to all such retained information.

21. The Court shall retain jurisdiction, both before and after the entry of final judgment in this case, whether by settlement or adjudication, to construe, enforce, and amend the provisions of this Order.

## **MISCELLANEOUS**

22. If any party receives from a third party a subpoena, discovery request or other demand for Confidential Information disclosed in this case by the other party or a non-party, the party receiving the subpoena, discovery request or other demand shall immediately notify the party who designated the material as Confidential Information that it has received a demand for the Confidential Information. The party receiving the subpoena, discovery request or other demand shall refrain from producing Confidential Information to the third party seeking it in the absence of a court order directing such production if the party who designated the material as Confidential Information gives written notice within seven (7) days of receiving notice of the request that such party intends to seek a protective order or other limitation on disclosure of the Confidential Information. The party who designated the material as Confidential Information shall pay the reasonable

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

5:15-cv-00834 -MWF (JCGx)
AFDOCS\12380203.2

PROTECTIVE ORDER
- 12 -

1 expense of seeking such protective order or other limitation on disclosure of the
2 Confidential Information. If the party who designated the material as Confidential
3 Information provides timely notice that such party intends to seek a protective order
4 or other limitation on disclosure of the Confidential Information, the party from
5 whom disclosure is sought shall be permitted to serve a response on the party
6 seeking disclosure of the Confidential Information explaining that he or it has
7 received notice that the designating party intends to seek a protective order or other
8 limitation on disclosure of the Confidential Information and that the Confidential
9 Information cannot be produced unless a court order directs otherwise.

10     23. Nothing within this Order will prejudice the right of any party to
11 object to the production of any discovery material on the grounds that the material
12 is protected as privileged or as attorney work product (collectively referred to as
13 "privileged information"). Further, when a producing party gives notice to the
14 receiving party that certain inadvertently produced material is subject to a claim of
15 privilege or other protection, the obligations of the receiving party are those set
16 forth in Federal Rule of Civil Procedure 26(b)(5)(B). Pursuant to Federal Rule of
17 Evidence 502(d) and (e), the attorney-client privilege and/or work product
18 protection is not waived by disclosure of any materials connected with this
19 litigation and such disclosure is also not a waiver in any other federal or state
20 proceeding. The Parties agree that the inadvertent production of privileged
21 information shall not waive the privilege. If privileged information is inadvertently
22 produced, the recipient agrees that, upon written request from the producing party,
23 it shall promptly return all copies of documents and/or electronic media provided
24 containing the privileged information, and make no use of the privileged
25 information, except that if the recipient disputes in good faith that the information is
26 privileged information, the recipient shall promptly notify the producing party and
27 may retain on a confidential basis no more than a single copy of the allegedly
28 privileged information for the sole purpose of promptly seeking, through an in

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

5:15-cv-00834 -MWF (JCGx)
AFDOCS\12380203.2

PROTECTIVE ORDER
- 13 -

camera review or other confidential means, a ruling by the Court to determine whether a privilege properly attaches to the information at issue. If the Court rules that the information is privileged, the information shall be immediately returned to the producing party.

24. Nothing in this Order will bar counsel from rendering advice to their clients with respect to this litigation and, in the course thereof, relying upon any information designated as Confidential Information, provided that the contents of the information must not be disclosed to their clients if the Confidential Information has been designated "Confidential - For Counsel Only."

25. This Order will be without prejudice to the right of any party to oppose production of any information for lack of relevance or any other ground other than the mere presence of Confidential Information. The existence of this Order must not be used by either party as a basis for discovery that is otherwise improper under the Federal Rules of Civil Procedure.

26. Nothing within this Order will be construed to prevent disclosure of Confidential Information if such disclosure is required by law or by order of the Court.

27. Notwithstanding any other provisions of this Order, it has no effect upon, and its scope shall not extend to, any party's use of its own files or its own Confidential Information.

28. The restrictions and obligations set forth within this Order will not apply to any information that: (a) the parties agree should not be designated Confidential Information; (b) the parties agree, or the Court rules, is already public knowledge; (c) the parties agree, or the Court rules, has become public knowledge other than as a result of disclosure by the receiving party, its employees, or its agents in violation of this Order; or (d) has come or will come into the receiving party's legitimate knowledge independently of the production by the designating party. Prior knowledge must be established by pre-production documentation.

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

5:15-cv-00834 -MWF (JCGx)
AFDOCS\12380203.2

PROTECTIVE ORDER
- 14 -

29. The restrictions and obligations within this Order will not be deemed to prohibit discussions of any Confidential Information with anyone if that person already has or obtains legitimate possession of that information.

30. Transmission by facsimile and/or email is acceptable for all notification purposes within this Order

31. This Order may be modified by agreement of the parties, subject to approval by the Court.

32. The Court may modify the terms and conditions of this Order for good cause, or in the interest of justice, or on its own order at any time in these proceedings.  The parties prefer that the Court provide them with notice of the Court's intent to modify this Order and the content of those modifications, prior to entry of such an order

33. This Order does not affect any trial in this Litigation.  Any Party desiring a protective order affecting any trial must follow applicable Court rules and procedures for obtaining such an order.

**IT IS SO ORDERED.**

Date: October 23, 2015_____     By:_____
                                JAY C. GANDHI
                                United States Magistrate Judge

# EXHIBIT A

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID N. BRODMANN,<br><br>          Plaintiff,<br><br>vs.<br><br>THE SALVATION ARMY, INC., a California corporation; MARK NELSON, an individual; and, DOES 1 through 100, inclusive,<br><br>          Defendants. | Case No. 5:15-cv-00834 -MWF (JCGx)<br><br>*Assigned to the Hon. Michael W. Fitzgerald*<br><br>**STIPULATION REGARDING CONFIDENTIALITY OF DISCOVERY MATERIAL**<br><br>Complaint Filed: April 27, 2015<br>Trial Date: May 10, 2016 |

    I, _____ , declare and say that:

    I am employed as _____ by _____.

    I have read the Protective Order entered in DAVID BRODMANN v. THE SALVATION ARMY, et al., Case No. 5:15-cv-00834 -MWF (JCGx), and have received a copy of the Protective Order.

    I promise that I will use any and all "Confidential" or "Confidential - For Counsel Only" information, as defined in the Protective Order, given to me only in a manner authorized by the Protective Order, and only to assist counsel in the litigation of this matter.

    I promise that I will not disclose or discuss such "Confidential" or "Confidential – For Counsel Only" information with anyone other than the persons described in paragraphs 3, 8 and 9 of the Protective Order.

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

5:15-cv-00834 -MWF (JCGx)

AFDOCS\12380203.2

PROTECTIVE ORDER

- 16 -

I acknowledge that, by signing this agreement, I am subjecting myself to the jurisdiction of the United States District Court for the Central District of California with respect to enforcement of the Protective Order.

I understand that any disclosure or use of "Confidential" or "Confidential – For Counsel Only" information in any manner contrary to the provisions of the Protective Order may subject me to sanctions for contempt of court.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Date:_____     By:_____

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

5:15-cv-00834 -MWF (JCGx)

AFDOCS\12380203.2

PROTECTIVE ORDER

- 17 -